Roland CHAMPION, Petitioner–
Appellant

v.

Rick THALER, Director, Texas Depart-
ment of Criminal Justice, Correction-
al Institutions Division, Respondent–
Appellee.

No. 08–50572
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 2009.

Bowen W. Sutton, Law Offices of Bowen
W. Sutton, San Antonio, TX, for Petition-
er–Appellant.

Before KING, STEWART, and
HAYNES, Circuit Judges.

PER CURIAM: *

A jury convicted Roland Champion of
aggravated sexual assault as well as inde-
cency with a child, and he was sentenced
to serve 25 years in prison for these of-
fenses. Initially, Champion did not appeal
his criminal judgment, but the Texas
Court of Criminal Appeals later granted
him authorization to proceed with an out-
of-time appeal.

The instant appeal arises from the dis-
trict court's denial of Champion's 28 U.S.C.
§ 2254 habeas corpus petition as untimely.
This denial was grounded in the district
court's determination that Champion's out-
of-time direct appeal did not toll the period
for filing his § 2254 petition or otherwise
affect the limitations period found in 28
U.S.C. § 2244(d). Champion argues that
this decision was incorrect and that the
time for filing his § 2254 petition began to
run after the conclusion of proceedings
related to his out-of-time direct appeal.

This court conducts a de novo review of
the district court's determination that
Champion's § 2254 petition was untimely.
See *Emerson v. Johnson*, 243 F.3d 931, 932
(5th Cir.2001). *Jimenez v. Quarterman*,
—— U.S. ——, 129 S.Ct. 681, 172 L.Ed.2d
475 (2009), which was decided after the
district court denied Champion's § 2254
petition, is dispositive. *Jimenez* instructs
that, in cases such as this, the one-year
limitations period in § 2244(d)(1)(A) begins

---

* Pursuant to 5TH CIR R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to run when the out-of-time appeal becomes final. 129 S.Ct. at 686–87. As a result, the district court's contrary determination was erroneous. *See id.* Consequently, the judgment of the district court is VACATED, and this case is REMANDED for further proceedings consistent with *Jimenez.* We express no opinion on the ultimate disposition of Champion's § 2254 petition.